UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID S. PEASLEY,<br><br>    Plaintiff,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 23-cv-04218-JSC<br><br>**ORDER TO SHOW CAUSE; DENYING MOTION FOR WRIT OF MANDATE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. Nos. 10, 11 |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding without an attorney, filed a petition using the Court's form for petitions for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and sentence. (ECF. No. 12.) He also seeks a "writ of mandate to the Superior Court, Santa Cruz County, to hear this petition in full." (ECF No. 11 at 16.) Because the habeas petition states grounds for federal habeas relief that are capable of judicial review and determination, a response from Respondent is warranted. For the reasons discussed below, the motion for a writ of mandate is DENIED. Petitioner is GRANTED leave to proceed in forma pauperis.

## BACKGROUND

In 2009, Petitioner pled guilty to six counts of rape and concealment in Santa Cruz County Superior Court. (ECF No. 12 at 3.) The trial court sentenced him to terms of twenty and twenty-one years in state prison. (*Id.*) The California Court of Appeal affirmed the judgment on direct appeal in 2012. (*Id.* at 4.) Petitioner did not seek further review on direct appeal. (*Id.* at 4-5.) In 2022 and 2023, Petitioner filed unsuccessful habeas petitions in the Santa Cruz County Superior Court and the California Supreme Court. (*Id.* at 6, 9.) Petitioner then filed the instant federal

petition.

## DISCUSSION

I.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.  Legal Claims

Petitioner lists the following "grounds" for relief: (1) his guilty plea was "not knowing or intelligent" because "the consequences of the plea were never discussed," and his plea agreement was "breached" because a "waiver" was added, in "violation of due process" (ECF No. 12 at 7); (2) "Due Process violated, Breach of Plea, Johnson waiver used incorrectly for Double Jeopardy and no 'benefit,' extra length sentence, not understood" (*id.* at 9); and (3) "Due Process violations, Breach of Plee, Johnson waiver used to increase his punishment with no benefit, is a crime, stolen credits/days, PC 2900.5" (*id.* at 10). The Court construes these allegations as presenting two claims for federal habeas relief that are capable of judicial review and determination: (1) his guilty plea was not knowing and voluntary, in violation of his right to due process; and (2) his plea agreement was breached, in violation of his right to due process and his rights under the Double Jeopardy Clause.

Petitioner seeks a "writ of mandate" directing the Santa Cruz County Superior Court to "hear this petition." (*Id.* at 17.) A writ of mandamus (or mandate) is not available from this Court because federal courts cannot issue such writs to state courts. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (a petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law). The California Court of Appeal may issue writs of prohibition or mandamus to the California superior courts. *See*

2

Cal. Code Civ. Proc. § § 1102-1105; 1084-1097.[1] Petitioner's request for a writ of mandate, and his separate motion for a writ of mandate, are therefore denied.

Petitioner may seek relief from his state court conviction and sentence in federal court in his petition for a writ of habeas corpus from this court under 28 U.S.C. § 2254. Accordingly, the Court construes the petition as seeking a writ of habeas corpus under 28 U.S.C. § 2254 based upon the two claims described above.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The clerk shall serve by mail a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on Petitioner, on or before **January 3, 2024**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent on or before **February 1, 2024**.

3. Respondent may, on or before **January 3, 2024**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition on or before **February 1, 2024,** and Respondent shall file with the Court and serve on Petitioner a reply on or

---

[1] The United States Court of Appeals may also issue petitions for writs of mandamus or prohibition directed to a United States District Court, such as this court. *See* Fed. R. App. P. 21(a).

before **February 15, 2024**.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Petitioner is GRANTED leave to proceed in forma pauperis. His motion for a writ of mandate is DENIED.

This order resolves docket numbers 10 and 11.

**IT IS SO ORDERED.**

Dated: September 28, 2023

JACQUELINE SCOTT CORLEY
United States District Judge