UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID S. PEASLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-04218-JSC<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL; INSTRUCTIONS TO CLERK; DIRECTING FEDERAL PUBLIC DEFENDER TO FILE NOTICE OF APPEARANCE**<br><br>Re: Dkt. No. 14 |

Petitioner, a California prisoner proceeding without representation by an attorney, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. After reviewing the petition, the Court found it stated two claims capable of judicial review and determination and ordered Respondent to show cause why the petition should not be granted. (ECF No. 13.)

Petitioner moves for appointment of counsel. (ECF No. 14.) The Sixth Amendments right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus*

*Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994).

Petitioner alleges he suffered very serious brain and physical injuries in a motorcycle accident in 2008, namely a "fractured skull and three major concussions," "a broken collar bone and ribs," and "two months in a coma," which left him "unable to walk, talk, or open a door." (ECF No. 14 at 3.)  He alleges he suffers from the following mental impairments "today:" "memory is a calculated fact," he has "poor ability to calculate," and "[d]efinitions are not comprehended correctly." (*Id.*)  He attaches medical records supporting these allegations and stating he suffered "a traumatic head injury, left-sided subdural hematoma, right-sided temporal bone fracture" (*id.* at 15), "intermittent slowing in left temporal region suggesting dysfunction" (*id.* at 13), and a seizure (*id.* at 9).  These records show that over the subsequent six months of rehabilitation, he "did well, recovering all functions except for some loss of higher mental function and gait instability." (*Id.*)  His failure to fully recover his mental function appears to continue to this day insofar as his petition contains repetitive and confused allegations and claims. (*See*, *e.g.*, ECF No. 12 at 7 ("violation of Due Process, Breach of Plea, not 'known or intelligent,' violated CL 529.6 and Civil Code 3513 for extra length sentence").)  Moreover, the instant petition may involve complex issues related to his injuries, including equitable tolling and the voluntariness of his plea.  Although he was injured a substantial amount of time ago, the seriousness of his injuries, the indications that he did not fully recover his mental function, and the potential complexity of the petition, persuade the Court he will not have a fair opportunity to prosecute this petition without representation by counsel.  Accordingly, the motion for appointment of counsel is GRANTED.

Counsel is appointed pursuant to 18 U.S.C. § 3006A.  *United States v. Salemo*, 81 F.3d 1453, 1459 & n.4 (9th Cir. 1996).  The Clerk shall send a copy of this order to the Federal Public Defender's Office.  Counsel for Petitioner shall file a notice of appearance within 28 days of the date this order is filed.  The briefing schedule set forth in the order to show cause (ECF No. 13) remains unchanged.

//

This order resolves docket number 14.

**IT IS SO ORDERED.**

Dated: November 7, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

3