UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID S. PEASLEY,<br><br>    Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>    Respondents. | Case No. 23-cv-04218-JSC<br><br>**ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 12 |

Petitioner, a prisoner of the State of California, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and sentence. (Dkt. No. 12.)[1] Before the Court is the government's motion to dismiss the petition for untimeliness and failure to exhaust state remedies. (Dkt. No. 20.) Having carefully considered the briefing, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS without leave to amend the government's motion to dismiss. Petitioner's federal habeas petition is both untimely and unexhausted.

**BACKGROUND**

In December 2009, the Santa Cruz County Superior Court sentenced Petitioner to an aggregate term of 20 years in state prison after he pled guilty to three counts of forcible rape and three counts of incest against his daughter. (Dkt. Nos. 12 at 3-4, 12-1 at 10, 21-40.) In 2022, Petitioner filed unsuccessful habeas petitions in the Santa Cruz County Superior Court, California Court of Appeal, and the California Supreme Court. (Dkt. No. 20-1 at 7, 149, 246.) In September 2023, Petitioner filed the instant petition for writ of habeas corpus in this Court. (Dkt. No. 12.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Petitioner raises two potentially cognizable claims for violation of his federal due process rights: (1) Petitioner's guilty plea was not knowing or voluntary because Petitioner unknowingly waived his custody credits; and (2) Petitioner's *Johnson* waiver of his custody credits violated his plea agreement. (Dkt. No. 13 at 2-3.) The government moves to dismiss on the grounds the petition is untimely and Petitioner's claims are unexhausted and otherwise incognizable. (Dkt. No. 20.)

**DISCUSSION**

**I.   Statute of Limitations**

Under 28 U.S.C. § 2244(d)(1), federal habeas petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" 28 U.S.C. § 2244(d)(2).

**A.   The Petition Is Untimely**

The parties contest when the one-year statute of limitations commenced in this action. The government asserts the limitations period commenced on February 12, 2010, 60 days after the imposition of Petitioner's sentence on December 14, 2009, and expired on February 12, 2011. (Dkt. No. 20 at 3 (citing Cal. Rules of Court, Rule 8.308(a).) Petitioner contends the limitations period commenced sometime in January 2022, when he discovered the factual basis of his claims, and was tolled between July 10, 2022, and March 22, 2023, while Petitioner's state habeas petitions were pending. (Dkt. No. 25 at 7-8.)

The limitations period does not commence until the factual predicate of Petitioner's claims

could have been discovered through the exercise of due diligence. § 2244(d)(1)(D); *see Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003) (explaining the date of the factual predicate of a petitioner's claim is determined "by inquiring when [the petitioner] could have learned of the factual basis for his claim through the exercise of due diligence."). "Due diligence does not require 'the maximum feasible diligence,' but it does require reasonable diligence in the circumstances." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012).

> Section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if vital facts could not have been known by the date the appellate process ended. The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered.

*Id*. "Although section 2244(d)(1)(D)'s due diligence requirement is an objective standard, a court also considers the petitioner's particular circumstances. Just as the petitioner's particular circumstances may include impediments to discovering the factual predicate of a claim, they may also include any unique resources at the petitioner's disposal to discover his or her claim." *Id*. at 1235-36.

The factual predicate underlying both of Petitioner's claims is his waiver of his custody credits. On October 13, 2009, the sentencing court approved a plea agreement between Petitioner and the government requiring Petitioner to waive his custody credits. (Dkt. No. 12-1 at 11-12, 31, 36-38.) Before the sentencing court approved the plea agreement, the prosecutor clarified "the People's offer requires the defendant to waive his custody credits to date. So the 20 years would begin from the moment he says guilty to the [*sic*] six counts in question because the People would accept only guilty pleas not nolo." (Dkt. No. 12-1 at 23.) Petitioner's counsel confirmed "Mr. Peasley is prepared [to waive prior credits]." (*Id*. at 29.) The sentencing court asked Petitioner whether he went through the plea form "carefully and with [counsel's assistance] before [he] initialed and signed this form?" to which Petitioner responded, "Yes, sir, I did." (*Id*. at 35.) The sentencing court approved of the plea agreement specifically because Petitioner was "prepared to waive basically almost eleven months of credits, a year almost, of that credit." (*Id*. at 31.) Petitioner signed a plea agreement requiring him to waive his custody credits, and that plea

3

1 agreement was discussed and approved by the sentencing court based on Petitioner's waiver of his
2 custody credits. So, Petitioner through reasonable diligence could have discovered he waived his
3 custody credits on October 13, 2009.

4       Petitioner argues "he became aware that [he] had unknowingly waived [his] jail credits on
5 or about early 2020." (Dkt. Nos. 25-1 ¶ 17, 25-2 at 2.) He explains that at the hearing on October
6 13, 2009, he "believed [his] waiver was not changing the 20 year sentence [he] had agreed to."
7 (Dkt. No. 25-1 ¶ 8.) Petitioner claims, "[d]ue to [a] traumatic brain injury [Petitioner] incurred in
8 2008 before [his] arrest, [he] was not able to read or understand the plea agreement" and his
9 "defense attorney did not read the agreement to [him]." (*Id*. ¶¶ 10-11.) Petitioner does not explain
10 when or how he became aware of his custody credit waiver. But Petitioner contends in "early
11 2020" he discovered "the case of 'Hilger.'" (Dkt. No. 25-2 at 2.) In late 2021, Petitioner
12 shepardized "Hilger." (Dkt. No. 25-3 at 2.) And then in January 2022, Petitioner realized he had
13 a claim based on "Hilger" and began preparing a habeas petition. (*Id*.)

14       Section 2241(d)(1)(D)'s due diligence requirement is an objective standard mandating the
15 limitations period begins "when the prisoner knows (or through diligence could discover) the
16 important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254
17 F.3d 1150, 1154 n.3 (9th Cir. 2001). Petitioner could have discovered his custody credit waiver
18 through due diligence on October 13, 2009, when he agreed to the plea before the sentencing
19 court. Petitioner's discovery of the legal significance of his custody credit waiver is irrelevant to
20 the limitations period. *See Hasan*, 254 F.3d at 1154 n.3. But even if the limitations period began
21 when Petitioner discovered "Hilger" in early 2020, and therefore expired in early 2021,
22 Petitioner's federal habeas petition would still be untimely because he did not file his first state
23 habeas petition until July 2022, after the one-year period had already expired. (Dkt. No. 20-1 at
24 7.)

25       The due diligence limitations period for Petitioner's claims expired on October 13, 2010,
26 one year after Petitioner could have discovered the basis of his claims through reasonable due
27 diligence. Petitioner's conviction became final on February 12, 2010, so he had until February 12,
28 2011, to file his federal habeas petition based on his custody credit waiver. *See* § 2244(d)(1); Cal.

4

1   Rules of Court, Rule 8.308(a).  Petitioner's September 2023 habeas petition is thus untimely.

2   **B.  Equitable Tolling**

3   The limitations period may be subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* at 649 (cleaned up).  To satisfy the first *Holland* prong, a litigant must show "he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court."  *Smith v. Davis*, 953 F.3d 582, 598-599, 601 (9th Cir. 2020) (rejecting prior stop-clock approach for evaluating when a petitioner must be diligent).  As to the second *Holland* prong, equitable tolling may be the proper remedy "only when an extraordinary circumstance prevented a petitioner from acting with reasonable diligence from making a timely filing."  *Id.* at 600.  Petitioner bears the burden of showing this "extraordinary exclusion" applies to him.  *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).  Petitioner must also show "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances ma[de] it impossible to file a petition on time."  *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (cleaned up).

Petitioner claims his 2008 traumatic brain injury entitles him to equitable tolling of the limitations period because Petitioner did not understand he waived his custody credits in October 2009 or that his custody credit waiver was actionable until January 2022.  Petitioner discovered "Hilger" in early 2020 but purportedly failed to understand the case's relevance to his custody credit waiver until January 2022.  However, Petitioner fails to identify the date when he realized he waived his custody credits.  Because Petitioner fails to explain how and when he determined he waived his custody credits, Petitioner fails to meet his burden to show he diligently pursued his rights before and after noticing his custody credit waiver.  So, Petitioner fails to demonstrate his entitlement to equitable tolling.

* * *

Accordingly, Petitioner's habeas petition is DISMISSED without leave to amend as

untimely.

**II. Exhaustion**

Petitioner's untimely federal habeas petition fails for the additional reason his claims are unexhausted. "State prisoners seeking a writ of habeas corpus from a federal court must first exhaust their remedies in state court. A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (cleaned up). Before he may challenge either the fact or length of his confinement in a federal habeas petition, Petitioner must present to the California Supreme Court any claims he wishes to raise in this Court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding claims raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id.* The Court must independently examine Petitioner's state habeas petition to determine "whether the federal standard of 'fair presentation' of a claim to the state courts has been met." *Kim v. Villalobos*, 799 F.2d 1317, 1320 (9th Cir. 1986).

> A petitioner fully and fairly presents a claim to the state courts if he presents the claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim. Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief.

*Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (cleaned up).

In December 2022, Petitioner raised the same claims presented here in his state habeas petition before the California Supreme Court. (Dkt. No. 20-1 at 151-229.) The California Supreme Court summarily denied Petitioner's state habeas petition in March 2023, citing *People v. Duvall*, 9 Cal. 4th 464, 474 (1995), to say, "a petition for writ of habeas corpus must include copies of reasonably available documentary evidence." (Dkt. No. 20-1 at 246.) *Duvall* provides a state prisoner's state habeas petition must "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." 9 Cal. 4th at 474.

Under California law, a denial of a habeas petition with a citation to

> *Duvall* indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations. Both problems are defects that can be cured in a renewed state petition.

*Wilkins v. Macomber*, No. 16-CV-00221-SI, 2019 WL 120731, at *5 (N.D. Cal. Jan. 7, 2019) (cleaned up). "State judicial remedies are not exhausted in such a case." *Id.*; *see also Narcisse v. Fox*, No. 15-CV-01615-EMC, 2019 WL 5963241, at *7 (N.D. Cal. Nov. 13, 2019) ("[A] denial of a habeas petition with a citation to *Duvall* indicates that a petitioner has failed to include copies of reasonably available documentary evidence, a curable defect. . . . [S]tate judicial remedies are not exhausted in such a case."); *Gaston v. Palmer*, 417 F.3d 1030, 1038-39 (9th Cir. 2005), *reh'g granted, opinion modified*, 447 F.3d 1165 (9th Cir. 2006) (interpreting the California Supreme Court's dismissal of a petitioner's state habeas petition based on *Duvall* as the equivalent of "a grant of demurrer with leave to refile" based on procedural deficiency).

The California Supreme Court denied Petitioner's state habeas petition as procedurally deficient under *Duvall* because Petitioner failed to include documentary evidence to support his claims. (Dkt. No. 20-1 at 246.) The Court's independent review of Petitioner's state habeas petition, as required by *Kim*, 799 F.2d at 1320, confirms Petitioner's state habeas petition was procedurally deficient because it failed to include portions of the trial transcript pertinent to Petitioner's custody credits waiver, as required by *Duvall*, 9 Cal. 4th at 474. (*Id.* at 151-229); *see, e.g.*, *Sanchez v. Scribner*, 428 F. App'x 742 (9th Cir. 2011) (confirming California Supreme Court's determination a petitioner's state habeas petition was procedurally deficient for failure to attach reasonably available documents after independent review). So, Petitioner's "available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation." *Harris v. Superior Ct. of State of Cal., Los Angeles Cnty.*, 500 F.2d 1124, 1128 (9th Cir. 1974).

Because the California Supreme Court dismissed Petitioner's state habeas petition for its procedural deficiency, Petitioner's federal habeas petition is also DISMISSED for failure to exhaust state remedies. *See Sanchez*, 428 F. App'x 742 at 742 ("Because Sanchez's state habeas petition was procedurally deficient, the district court properly dismissed Sanchez's federal habeas

7

petition for failure to exhaust state remedies.").

## CONCLUSION

For the reasons stated, the Court GRANTS without leave to amend the government's motion to dismiss Petitioner's federal habeas petition as untimely and unexhausted.

This Order disposes of Docket No. 12.

**IT IS SO ORDERED.**

Dated: July 31, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge